IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

                      Case No. 10-cv-568-wmc

v.

MENARD, INC.,

    Defendant.

### PROTECTIVE ORDER

    Having considered the competing submissions of the parties, and finding good cause for entering of a Protective Order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, the following Protective Order is entered by the Court:

    1.  Documents and information covered by this Order are defined as "Confidential Documents" and shall be comprised of those documents that contain: (a) certain non-public trade secret or other confidential financial information, including but not limited to sensitive and/or proprietary business information; and (b) certain confidential information contained in internal business practices, policies, procedures, personnel files and/or employment records. A party may designate those documents that it contends constitute "Confidential Documents" covered by this Order by stamping the word "Confidential" on the face of the document in question. If the opposing party disagrees with the designation, it shall notify the designating party of that disagreement and the designating party shall have ten (10) working days from the notice in which to seek an order of the Court declaring the matter confidential, or it shall not be confidential hereunder.

    2.  Any disclosure to be made of Confidential Documents or any of the confidential information contained in such documents shall be governed by the provisions of this Order as follows:

(a) In connection with this Order, "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate information, whether or not pursuant to request, interrogatory, or process;

(b) Upon entry of this Order, Confidential Documents may be copied and retained by opposing counsel solely for his/her own use and solely for the purposes of this action. Confidential Documents and their contents shall not be disclosed or made known to any other person or entity, except as follows:

(1) to the extent necessary for the attorneys to advise and consult with the parties for purposes of this action;

(2) to paralegal assistants, clerks, and clerical personnel employed by attorneys for the parties to the extent necessary for counsel to carry out their respective duties in connection with this action;

(3) to witnesses, employees, and management personnel needed to assist the parties' counsel in the preparation of this action for discovery, mediation, motion practice, and trial;

(4) to expert consultants or witnesses employed by the parties to the extent necessary to prepare and render opinions in this action;

(5) to court reporting service personnel, as necessary; and

(6) to this Court (or its employees or agents) and/or the trier of fact pursuant to a court filing in connection with this action, provided that if a party intends to include a Confidential Document produced by the other party in a court filing in connection with this action prior to trial, counsel seeking to file such a document shall give opposing counsel notice which identifies the Confidential Documents to be filed five (5) business days, or as soon as practicable, prior to such filing. Unless the opposing counsel redacts the confidential portions of the documents or un-designates the

documents as Confidential, the documents in question shall be filed with the Court under seal. The foregoing notice provision shall not apply to any documents or matters introduced at the trial of this action, as to which any confidentiality concerns shall be addressed as they arise in the course of trial.

3. All disclosures authorized in this Paragraph 2 shall be solely for the use and purposes of this action, and the persons to whom disclosure is authorized shall be instructed of the contents of this Protective Order and shall agree not to disclose Confidential Documents or the information contained in such documents, directly or indirectly or in any manner whatsoever, to any other person or entity not within the scope of such authorization.

4. Portions of depositions shall be deemed "Confidential" only if they are designated as such when the deposition is taken or within ten (10) days of the designating party's receipt of a copy of the transcript.

5. All copies or duplicates of documents or information designated as "Confidential" under this Protective Order, or any portion thereof, shall be immediately affixed with the word "Confidential" if that word does not already appear therein.

6. A document mistakenly produced or disclosed without a "Confidential" designation may be subsequently designated by the party producing the document as "Confidential" by giving the other party written notice that such document should be designated as a Confidential Document. Any good faith disclosure of such materials prior to receipt of notice of the Confidential designation shall not constitute a violation of this order.

7. This Order shall be without prejudice to the right of any party to oppose production or introduction into evidence of any documents or information by reason of relevance, assertion of privilege, undue burden or any other lawful ground.

8. Parties are to file a motion to retrieve any documents filed under seal in this action within sixty (60) calendar days after the close of this case, including exhaustion of

appeal(s). If a party fails to file such a motion, any documents under seal will become a part of the public record.

9. At the conclusion of the litigation, all material not received in evidence and treated as "Confidential" under this Protective Order shall be returned to the originating party. If the parties so stipulate, the material may be destroyed. Notwithstanding the above, trial counsel of the parties may retain one copy of material designated "Confidential" to maintain a complete file of the litigation.

10. This Protective Order may be modified by agreement of the parties and order of the Court.

Entered this 30th day of March, 2011.

BY THE COURT:

PETER OPPENEER
Magistrate Judge